UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN J. BUTLER and <br> PATRICK J. BUTLER, <br><br> Plaintiffs, <br><br> v. <br><br> CHADEAYNE, LLC, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 4:17CV1646 RLW <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Chadeayne, LLC and Andrew R. Chadeayne's Joint Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No. 13). The motion is fully briefed and ready for disposition.

## I. Background

In November 2015, Plaintiffs Susan and Patrick Butler ("Plaintiffs") entered into an attorney-client relationship with Defendants Andrew Chadeayne and Chadeayne, LLC (collectively "Chadeayne"). (Compl. ¶ 10, ECF No. 8) Andrew Chadeayne is a patent attorney licensed to practice law in the United States Patent and Trademark Office who resides and practices law in the State of Washington. (*Id.* at ¶¶ 2-3) Defendant Chadeayne, LLC is a legal services company with its principal place of business located in the State of Washington. (*Id.* at ¶ 2) Plaintiffs employed Chadeayne to handle and prosecute U.S. Patent Application 62258322. (*Id.* at ¶ 10) All communication was by phone and email between Plaintiffs in St. Louis, Missouri and Chadeayne in Washington. (*Id.* at ¶ 8)

On May 3, 2017, Plaintiff filed a Petition for Damages – Legal Malpractice in the Circuit court of the City of St. Louis, Missouri. The Chadeayne Defendants removed the case to federal

court on June 9, 2017. In addition to the Chadeayne Defendants, Plaintiffs named Pacific Patent Group, LLC and Holli Templeton as Defendants. (Compl. ¶¶ 4-5) Plaintiffs voluntarily dismissed their claims against Pacific Patent Group, LLC and Holli Templeton without prejudice on June 21, 2017. (ECF No. 16) Plaintiffs allege that Chadeayne failed to file all required documents pertaining to their patent application, causing Plaintiffs to lose the right to exclude others from practicing Plaintiffs' invention and the right to receive licensing fees and royalties, as well as the right to sell the patent. (Compl. ¶ 18) Specifically, Plaintiffs allege Legal Malpractice/Conscious Disregard (Count I) and Breach of Contract (Count II) against Defendants Chadeayne. (Compl. ¶¶ 14-24)

## II. Discussion

On June 16, 2017, Chadeayne filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), asserting that the case should be transferred to the United States District Court for the Western District of Washington. (ECF No. 13) Chadeayne argues that the interests of justice and the convenience of the witnesses warrant transfer as the parties and non-party witnesses reside in Washington. Plaintiffs assert that Defendants are unable to meet the requirements of the statute such that the motion to transfer should be denied. The undersigned finds that transfer to the Western District of Washington under § 1404(a) is appropriate.

The statute governing change of venue provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts use § 1404(a) to transfer cases "solely to promote litigation convenience and efficiency." *Eggleton v. Plasser & Theurer Export von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 589 n.3 (8th Cir. 2007). When determining whether to transfer a case pursuant to 28 U.S.C. § 1404(a),

courts must consider: "1) the convenience of the parties; 2) the convenience of the witnesses; and 3) the interests of justice." *Dube v. Wyeth LLC*, 943 F. Supp. 2d 1004, 1007 (E.D. Mo. 2013) (citing *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997)). Whether to grant or deny a request to transfer a case under §1404(a) is within the trial court's sound discretion. *Hubbard v. White*, 755 F.2d 692, 694 (8th Cir. 1985). "[C]ourts are not limited to just these enumerated factors, and they have recognized the importance of a case-by-case evaluation of the particular circumstances presented and of all relevant case-specific factors." *Dube*, 943 F. Supp. 2d at 1007 (citing *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010)). However, courts give great deference to a plaintiff's choice of forum, and a party requesting transfer under § 1404(a) bears the burden of demonstrating that the transfer is justified. *Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.*, 244 F. Supp. 2d 1015, 1022 (E.D. Mo. 2002) (citation omitted). "This 'general' practice of according deference, however, is based on an assumption that the plaintiff's choice will be a convenient one." *In re Apple*, 602 F.3d at 913 (citation omitted).

Defendants argue that §1404 factors heavily favor transfer because the Western District of Washington is a more convenient venue for the parties, as only the named Plaintiffs have a connection to Missouri; the non-party witnesses are located in Washington and are beyond the Court's subpoena power; and the interests of justice favor transfer because the underlying events occurred in Washington, Washington law applies, and the cost of litigating in Missouri will be increased for Defendants. Plaintiff, on the other hand, contends that the factors this court must consider weigh against transfer in this case.

3

Courts take into consideration several factors when weighing convenience and the interests of justice under § 1404(a). To evaluate the balance of convenience, district courts consider:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Burkemper v. Dedert Corp.*, No. 4:11CV1281 JCH, 2011 WL 5330645, at *2 (E.D. Mo. Nov. 7, 2011) (citing *Terra Int'l*, 119 F.3d at 696). In evaluating these factors, the convenience of witnesses is the most important. The convenience of the witnesses is the "'primary, if not most important'" of the convenience factors. *Anheuser-Busch, Inc. v. City Merchandise*, 176 F. Supp. 2d 951, 959 (quoting *May Dep't Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1165 (E.D.Mo.1995)).

Under the interest of justice category, the courts also consider:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Burkemper*, 2011 WL 5330645, at *2 (citing *Terra Int'l*, 119 F.3d at 696). Accordingly, the Court will analyze the pertinent factors in determining Defendants' motion to transfer.

At the outset, no dispute exists as to whether Washington is a convenient forum. Other than the named Plaintiffs, none of the parties resides in or near Missouri. Further, Plaintiffs concede that both the Eastern District of Missouri and the Western District of Washington are proper venues for this cause of action. (Pls.' Mem. in Opp. p. 2, ECF No. 18)

More importantly, Defendants have demonstrated that the majority of the witnesses and evidence is located in Washington. "Typically, 'the party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover.'" *Merrick Bank Corp. v. Savvis, Inc.*, No. 4:08CV00674 ERW, 2008 WL 5146660, at *3 (E.D. Mo. Dec. 8, 2008) (quoting *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1122 (D. Minn. 1999)). Defendants contend that by dismissing Defendants Pacific Patent Group, LLC and Holli Templeton, they became essential non-party witnesses to testify on Defendants' services for the patent application.

Specifically, Defendants assert that Holli Templeton is a member and employee of Pacific Patent Group, a paralegal services company located in Washington that provides proofreading, filing, and docketing services to Chadeayne. According to Defendants, Ms. Templeton, a resident of Washington, will offer testimony regarding the scope of services she performed with respect to Plaintiffs' patent. Defendants further assert that employees of Pacific Patent Group and of Chadeayne, also residents of Washington, will testify regarding the Defendants' standard practices with respect to docketing services and the specific measures taken as to Plaintiffs' patent. Finally, Defendants contend that Andrew Chadeayne's wife will testify as to his present sense impression regarding the scope of his services, as he and his wife discussed his services shortly after he conversed with Plaintiff Susan Butler. Defendants maintain that these witnesses are necessary to assist the trier of fact in determining the credibility of the parties and corroborate Defendants' testimony. The Court also notes that Plaintiffs' allegations pertain to alleged misconduct by Defendants in the State of Washington, specifically the failure to file the proper patent application. (Compl. ¶¶ 15, 18, 23)

Plaintiffs, on the other hand, claim that only the parties and experts will be essential witnesses in the case. Additionally, Plaintiffs contend that their choice of forum should be accorded substantial deference, as Missouri is the forum where Plaintiffs reside and where they incurred damages. Thus, Plaintiffs assert that travel to Washington would be inconvenient to them. However, given the distance between Washington and Missouri and the necessity of the Washington non-party witnesses to travel and incur related expenses, including former defendants in this matter, the Court finds that the convenience of the parties weighs in favor of Defendants. *See, e.g., In re Apple*, 602 F.3d at 915 (finding convenience of parties and witnesses strongly favored transfer from Arkansas to California where many potential witnesses resided in California; relevant documentation was located in California; and California was the site of the alleged misconduct).

In addition to convenience, the Court finds that the interest of justice factors warrant transfer of this action. Plaintiffs assert that this Court should defer to the Plaintiff's forum choice of Missouri. While the Court gives Plaintiffs some deference with regard to its choice of forum, the Defendants have sufficiently demonstrated that transfer is appropriate. As previously stated, although Plaintiffs reside in Missouri, the non-party witnesses reside in Washington and have no connection to Missouri. Further, despite Plaintiffs allegations to the contrary, the events giving rise to this litigation did not occur in Missouri. The legal services were performed in Washington, and the alleged failure to properly file the patent occurred there as well.

The Court also finds that the interests of justice weigh in favor of transfer because Plaintiff's choice of forum creates a potential obstacle to a fair trial. Defendants contend, and the Court agrees, that witness availability is uncertain, as the witnesses are outside the 100-mile subpoena power of this Court under Federal Rule of Civil Procedure 45. This factor also weighs

in favor of the motion to transfer. *See Dube,* 2013 WL 1163498, at *4 (finding the convenience of non-party witnesses a strong factor favoring transfer where key fact witnesses resided outside the 100-mile subpoena range and thus could be unavailable for live testimony at trial).

In sum, the Court finds that Defendants have met their burden of demonstrating that transfer to the Western District of Washington under 28 U.S.C. § 1404(a) is appropriate in this case. The convenience factors and the interests of justice strongly favor transferring this case. As stated above, Plaintiff's choice of forum is not entitled to deference in this suit. Instead, the alleged acts occurred in the State of Washington; the Defendants are located in Washington; and the non-party witnesses, who are not subject to this Court's subpoena party, reside in Washington.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No. 13) **GRANTED**.

**IT IS FURTHER ORDERED** that the Chadeayne Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 6) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that this action shall be transferred to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

Dated this 21st day of September, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**